UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM EASTWOOD : | |
|     Petitioner : | |
| : | |
| v. : | Case No. 3:09-cv-1403 (CFD) |
| : | |
| VALERIE J. LIGHT : | |
|     Respondent : | |

**RULING ON RESPONDENT'S MOTION TO DISMISS [Dkt. #11]**

Petitioner William Eastwood, an inmate confined at the Osborn Correctional Institution in Somers, Connecticut, brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2000). He challenges his conviction for attempt to commit kidnapping, risk of injury to a minor and interfering with a police office on ten grounds. Respondent moves to dismiss the petition on the ground that petitioner has not exhausted his state remedies as to all grounds for relief. For the reasons that follow, respondent's motion should be granted.

**I.    Procedural Background**

Eastwood was convicted on three counts of attempt to commit kidnapping, three counts of risk of injury to a minor and one count of interfering with a police officer. On June 19, 2002, he was sentenced to a total term of imprisonment of nine years followed by fifteen years of special parole.

The Connecticut Appellate Court determined that the jury could have found that Eastwood invited three young boys, two of them separately and all three as a group, to enter his van and go with him to Madison, Connecticut. When they refused, he threatened them. The boys called their uncle who believed Eastwood was intoxicated.

The uncle refused to permit Eastwood to take the boys to Madison and placed a 911 call.  When police arrived, Eastwood resisted arrest.  See State v. Eastwood, 83 Conn. App. 452, 454-56, 850 A.2d 234, 238-39 (2004).

On direct appeal, Eastwood argues that the trial court improperly denied his motion to suppress items the police seized from his van, improperly admitted those items into evidence and denied his motion for judgment of acquittal on the risk of injury counts.  The Connecticut Appellate Court affirmed his conviction.  See Id. at 454, 850 A.2d at 238.  Eastwood sought certification from the Connecticut Supreme Court only on the claim that the trial court improperly admitted certain items of evidence seized from his van.  See Resp't's Mem. App. G.  On April 2, 2008, the Connecticut Supreme Court denied certification.  See State v. Eastwood, 286 Conn. 914, 945 A.2d 978 (2008).

In March 2005, Eastwood filed a petition for writ of habeas corpus in state court on the ground that he was afforded ineffective assistance of counsel.  Following a trial on the merits of Eastwood's claims, at which Eastwood was represented by appointed counsel, the state court denied the petition.  See Eastwood v. Warden, No. CV054000354S, 2007 WL 3173708 (Conn. Super. Ct. Oct. 19, 2007).

On appeal, Eastwood argued that trial counsel was ineffective for (1) failing to investigate properly and present evidence regarding the closed position and inoperability of the driver's side window of Eastwood's van even though Eastwood provided counsel with this information prior to trial; (2) failing to offer testimony from an expert witness to illustrate to the court and jury the difference between dreams and fantasy and the motive and intent to commit the crimes charged; and (3) failing to

2

advise Eastwood meaningfully regarding sentence review and not filing Eastwood's petition for sentence review after Eastwood signed the application and delivered it to counsel. The Connecticut Appellate Court affirmed the denial of the habeas petition and the Connecticut Supreme Court denied certification. See Eastwood v. Commissioner of Correction, 114 Conn. App. 471, 475-76, 969A.2d 860, 863; cert. denied, 292 Conn. 918, 973 A.2d 1275 (2009).

## II.     Discussion

In this petition, Eastwood challenges his conviction on ten grounds: (1) trial counsel was ineffective because he did not investigate Eastwood's claim that the driver's side window was stuck shut; (2) trial counsel was ineffective because he did not provide an expert witness or offer any explanation of Eastwood's fictional writings or show that the writings could not automatically be connected to motive and intent; (3) unconstitutional search and seizure; (4) violation of First Amendment rights; (5) conviction obtained by use of evidence obtained pursuant to an unlawful arrest; (6) trial counsel was ineffective for failing to preserve and use at trial the police interview and 911 call; (7) double jeopardy; (8) improperly requiring sex offender registration; (9) cruel and unusual punishment; and (10) violation of the Federal Rules of Evidence. Respondent moves to dismiss the petition for failure to fully exhaust state remedies on seven of the ten claims contained in the petition.

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The Second Circuit requires the district court to conduct a two-part inquiry. First, a petitioner must present the factual and legal bases of his federal

3

claim to the highest state court capable of reviewing it.  Second, he must have utilized all available means to secure appellate review of his claims.  See Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir.), cert. denied, 544 U.S. 1025 (2005).

The petitioner must present the state courts with the facts and legal theories supporting his claims.  "[A] general appeal to a constitutional guarantee as broad as due process [is insufficient] to present the 'substance' of such a claim to a state court." Gray v. Netherland, 518 U.S. 152, 163 (1996).  Thus, if a petitioner merely identifies a general federal constitutional right without asserting facts in the state court showing that the right was violated, he has not exhausted his state remedies.  Accord Galdamez, 394 F.3d at 74-75 (holding that petitioner had not fairly presented claims to state appellate court where claims were referenced in the appellate brief but not identified as grounds for appeal).

If a petitioner asserts a claim on both state and federal grounds, he must alert the state courts to both grounds.  He cannot assert a state law claim and assume that the state court also will presume he asserts a federal claim.  See Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam).

Before the federal court will consider a claim of ineffective assistance of counsel, for example, the allegations must have been presented to the state courts to allow those courts "the opportunity to consider all the circumstances and the cumulative effect of the claims as a whole."  Caballero v. Keane, 42 F.3d 738, 740-41 (2d Cir. 1994) (internal quotation marks omitted; emphasis in original).  Adding new factual allegations at the federal level may change the claims that were presented at the state level and render the claim unexhausted; the state courts would not have been apprised

of "both the factual and legal premises" of the federal claim.  <u>Jones v. Vacco</u>, 126 F.3d 408, 413 (2d Cir. 1997).

The only claims that would be exhausted would be claims raised on direct appeal or contained in the state habeas petition that were included in the petitions for certification to the Connecticut Supreme Court.  Eastwood raised his tenth claim in the petition for certification to the Connecticut Supreme Court on direct appeal and his first and second claims in the petition for certification to the Connecticut Supreme Court on the appeal of his state habeas action.  <u>See</u> Resp't's Mem. App. G & N.  Thus, only three claims have been properly exhausted.

This is a mixed petition containing three exhausted and seven unexhausted claims.  Traditionally, a mixed petition is dismissed without prejudice to refiling another federal habeas corpus action after all claims have been exhausted.  <u>Slack v. McDaniel</u>, 429 U.S. 473, 486 (2000).  In light of the one-year limitations period for filing a federal habeas action, the Second Circuit has directed the district court not to dismiss a mixed petition if an outright dismissal would preclude petitioner from having all of his claims addressed by the federal court.  <u>See</u> <u>Zarvela v. Artuz</u>, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court).  The Supreme Court has approved this practice but cautioned the courts to apply it only in limited circumstances, where the petitioner has demonstrated good cause for his failure to exhaust and his unexhausted claims have merit.  <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005).

Eastwood's conviction became final on July 1, 2008, at the expiration of the time

5

within which he could have filed a petition for certiorari to the United States Supreme Court regarding his direct appeal.  See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001) (Direct review of a conviction, as used in section 2244(d)(1)(A), includes the time a petition for writ of certiorari is pending before the United States Supreme Court or the time within which the petitioner could have, but did not, file such a petition).  He commenced his state habeas action, however, in 2005.  Thus the limitations period did not begin to run until the Connecticut Supreme Court denied the petition for certification on June 30, 2009.  A petition for writ of habeas corpus filed in federal court does not toll the limitations period.  See Duncan v. Walker, 533 U.S. 167, 181-82 (2001).  Thus, the limitations period will end on June 30, 2010.

At the time the motion to dismiss was filed, Eastwood had approximately four months remaining in the limitations period.  This was sufficient time for him to return to state court to exhaust the seven unexhausted claims.  In response to the motion to dismiss, however, Eastwood acknowledges his options and states that he wishes to amend his petition to drop the unexhausted claims and asks the court to provide him a copy of the original petition to facilitate amendment.  See Pet'r's Mem., Doc. #13, at 7.

### III.  Conclusion

Respondent's motion to dismiss [**Dkt. #11**] is **GRANTED**.  In light of his representation, Eastwood is directed to file an amended petition containing only the exhausted claims, the first, second and tenth grounds contained in the original petition.  The amended petition shall be filed within **twenty (20)** days from the date of this order.  The Clerk is directed to send Eastwood a copy of the original petition with this Ruling.

**SO ORDERED.**

    Dated this 4th day of May, 2010, at Hartford, Connecticut.


                                         /s/ Christopher F. Droney
                                         Christopher F. Droney
                                         United States District Judge